WILLIAM F. HEMMINGWAY *vs.* INHABITANTS OF GRAFTON.

Oxford.    Opinion December 6, 1879.

*Soldier.    Equalization bounty.    Proof—burden of.*

In a suit to recover payment of a town order drawn by the selectmen upon the town treasurer for the plaintiff's supposed "proportion of equalization bounty" in "all moneys that may be received from the state under" Stat. 1868, c. 225, "over and above the amount actually paid out by the town for bounties," and it appears by the official certificate of the adjutant general (R. S., c. 82, § 101) that the town has actually paid out for bounties more than it has received ; such certificate is *prima facie* proof, and must be overcome by evidence on the part of the plaintiff in order to entitle him to recover.

The burden of proof in such case is upon the plaintiff to prove the existence of the surplus in which he claims to share, and his holding a town order therefor, drawn for such divisional surplus, neither enlarges his right, nor extends the liability of the town.

ON REPORT.

ASSUMPSIT upon an order drawn and signed by the selectmen of the defendant town, of the following tenor : "Order No. 39.    To Benjamin Brown, treasurer of the town of Grafton, or his successor in that office.    Pay to Wm. F. Hemmingway twenty-five dollars—it being his portion of equalization bounty. Dated at Grafton the 14th day of March, A. D., 1872."

There was also a count for money had and received.    Writ dated July 24, 1876.

Plea the general issue, with brief statement alleging that the order was given without consideration, that it was never accepted, that plaintiff never went on any quota of defendant town, that the town was never reimbursed on his account a single dollar, that the town had paid out $575 and received from the state only $500.

At a legal meeting of defendant town, April 7, 1869, it was voted "that all moneys that may be received from the state of Maine under the act providing for the equalization of municipal war debts, approved March 7, 1868, over and above the amount actually paid out by the town for bounties, be and hereby is appropriated to the soldiers who enlisted or were drafted for said town any time during the war."    .    .    .

The plaintiff introduced a certificate, duly authenticated, from the adjutant general dated March 7, 1877, "that it appears from the records of this office that Wm. F. Hemmingway, a private, in company H., 14th Regt., Maine Vols. enlisted on the 31st day of Oct., 1861, and was mustered . . . . on the 14th day of Dec., 1861, for three years, unless sooner discharged; and was discharged June 22, 1862, for disability. Residence, when enlisted, Grafton, Oxford Co., Maine."

Plaintiff also introduced a copy of the following paper from the secretary of state's office, and signed and sworn to by the selectmen of Grafton:

"To the commissioners on equalization of municipal war debts, appointed by the governor and council of the state of Maine to audit the claims of cities, towns and plantations for reimbursement:

Gentlemen:—We certify that this town furnished the following named men and for the term of service given in the proper column against the name of each, towards its quota under the call of the president of July 2, 1862, and subsequent calls, and we claim that the town is entitled to reimbursement for the same, as provided by an act of legislature, approved March 7, 1868.

| NAMES. | Term of Office. | Date of Entering service. | Letter of Co. | Regiment or Corps. | Amount Paid. |
|---|---|---|---|---|---|
| Bennett Morse | 3 years | Jan. 4, 1864 | | 5 Battery | $225. |
| Eugene Taylor | 3 years | 1862, July call | | 5 Regt. Co. D. | 50. |
| Nathaniel Marden | 3 dur'g war | May 5, 1864 | | 32 Regt. Co. I. | 25. |
| | | | | | $300. |
| Orin D. Bartlett | 3 dur'g war | Jan. 4, 1864 | A. | 12 regt. Paid $200 by stat. | 200. |
| | | | | | $500. |
| Credited to and claimed by Hanover. | Volunteers. | | | | |
| Torrence C. Jones | 3 years | Dec. 18, 1863 | B. | 30 Regt. | |
| Credited to and claimed by Newry. | | | | | |
| Alanson Proctor | 3 years | Dec. 18, 1863 | B. | 30 Regt. | |
| Credited to and claimed by Hanover. | | | | | |
| Ovestes J. York | 3 years | Dec. 18, 1863 | B. | 30 Regt. | |
| Credited to and claimed by Hanover. | | | | | |
| A. M. Bartlett | 3 years | Dec. 18, 1863 | B. | 30 Regt. | |
| Maurice Crowley | 3 dur'g war | Feb. 29, 1864 | H. | 30 Regt. | |
| 1861 and did not re-enlist. | | | | | |
| Isa. Morse | 1 year | Dec. 14, 1861 | | 5 Battery. | |
| 1861 and dis. in 1862. | | | | | |
| Jonathan B. Winslow. | 1 year | Dec. 12, 1861 | | 13 Regt. | |
| 1861 and died in 1862. | | | | | |
| Richard H. Welch | 1 year | Dec. 12, 1861 | | 13 Regt. | |
| 1861 and dis. in 1862. | | | | | |
| William F. Hemingway | 1 year | Dec. 14, 1861 | | 14 Regt. | |

Grafton, Jan. 25, 1869."

The interlinear entries were made in the adjutant general's office.

The plaintiff likewise introduced the following paper duly authenticated by the state treasurer :

"Augusta, March 20, 1877.

I hereby certify that it appears from the records in this office that on the 17th day of February, 1870, the town of Grafton was paid the sum of five hundred dollars on account of the equaliza tion of municipal war debts, and it further appears that said amount was paid to John Kilgore on the order of James Brown, treasurer of the town of Grafton."

The plaintiff testified that he received the order, sued, from the hands of one John Kilgore, one of the selectmen of Grafton ; that in October, 1874, he presented it for payment to the town treasurer, who refused to accept the order ; that when Kilgore delivered the order he said that he "had counted me on the quota of Grafton and thought I was entitled to the bounty. Since the order was sued, one of the selectmen notified me that the order was issued under a mistake. I enlisted October 31, 1861, in Grafton—mustered same year and was discharged June 22, 1862 ;" that after his discharge, and in the year 1863, the selectmen came to him and wanted to know if he was enlisted for any town ; that he told them he didn't know ; that they said they should claim him upon their quota to save a draft ; that he did not object, and nothing more was said till they told him that there was an order drawn for it, that the town had never paid him a dollar, and the order had never been paid.

The defense introduced the following paper signed by the adjutant general and otherwise duly authenticated :

"STATE OF MAINE.

(STATE SEAL.)      *Adjutant General's Office.*

Augusta, March 14, 1877.

I hereby certify that it appears from the records of this office, that the town of Grafton paid the sum of five hundred and seventy-five dollars ($575.00) on account of bounties to soldiers under the several calls of the president of the United States, during the rebellion—and that said town was reimbursed by the state,

February 17, 1870, in the sum of five hundred dollars—and no more, under the act providing for the equalization of municipal war debts."

After the testimony was out, the case was made law on report; the law court to render such judgment as the legal rights of the parties require, upon so much of the foregoing evidence as is legally admissible.

*S. F. Gibson*, for the plaintiff cited *Pearson* v. *Hamlin's Grant*, 60 Maine, 157. *Bartlett* v. *Same*, 63 Maine, 292. Stats. 1868, c. 225, § 6; 1867, c. 111.

*E. Foster, Jr.*, for the defendant.

SYMONDS, J. The plaintiff fails to prove that the town of Grafton has received from the state more than the amount actually paid out by the town for bounties. The official certificate of the adjutant general shows that the town has paid out for bounties the sum of $575, and has received only $500 from the state. We think this is a matter, in regard to which such certificate of the adjutant general is *prima facie* evidence. R. S., c. 82, § 101.

The certificate of the selectmen of Grafton, relied upon as proof to the contrary, does not purport to be a full statement of the amount paid by the town for bounties. It was a certificate made for another purpose, in which it was of no importance that the amounts paid by the town should appear, the town being entitled to receive $100 for every man furnished as prescribed, without regard to the question whether bounty was paid, or in what sum. All that this certificate and the oath of the selectmen contain would be just as true, if the town had paid more than is specified, as it is if that is a full statement of all bounties paid. It does not overcome the *prima facie* proof by the adjutant general's certificate.

The plaintiff, therefore, fails to prove the existence of the surplus in which he claims to share.

It has already been decided that the holding of the order by the plaintiff, under the circumstances of this case, neither enlarges his rights nor extends the liability of the town. *Sturtevant* v

*Inhabitants of Liberty*, 46 Maine, 457.   *Bartlett* v. *Hamlin Grant Plantation*, 63 Maine, 292.

*Judgment for defendant.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and LIBBEY, JJ., concurred.